# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40080

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 405 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 19, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERT JAMES STAYTON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order relinquishing jurisdiction and executing original, unified sentence of six years, with two years determinate, for grand theft by lessee, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Robert James Stayton pled guilty to grand theft by lessee. Idaho Code §§ 18-2403, 18-2404, 18-2407(1). Following his plea, the district court sentenced Stayton to a unified term of six years, with two years determinate, but retained jurisdiction and sent Stayton to participate in a rider program. A short time later, the Idaho Department of Correction removed Stayton from the rider program due to rule violations and recommended relinquishment of jurisdiction. The district court relinquished its jurisdiction and executed the underlying sentence. Stayton appeals, contending the district court abused its discretion by relinquishing jurisdiction and failing to reduce his sentence upon relinquishment.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and

1

will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows the district court properly considered the information before it and determined that probation was not appropriate.

Upon relinquishing jurisdiction, the trial court is authorized under Idaho Criminal Rule 35 to reduce the sentence. Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Accordingly, the order relinquishing jurisdiction and executing Stayton's original sentence without reduction is affirmed.